# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| SARGENT MANUFACTURING COMPANY<br>　　　　　　　Plaintiff<br><br>　　　　　　　v.<br><br><br>ARCHITECTURAL BUILDERS HARDWARE<br>MFG. INC.<br>　　　　　　　Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DESIGN PATENT INFRINGEMENT

Plaintiff Sargent Manufacturing Company alleges as follows:

### I.  JURISDICTION

1.　This is an action for patent infringement arising under 35 U.S.C. § 271.  Jurisdiction of this Court is proper pursuant to 28 U.S.C. §§ 1331 and 1338(a), and Conn. Gen. Stat. § 52-59b.

### II.  VENUE

2.　Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

### III.  PARTIES

3. Plaintiff Sargent Manufacturing Company ("Sargent") is a Delaware corporation authorized to do business in the State of Connecticut, having a principal place of business at 100 Sargent Drive, New Haven, Connecticut 06536.

4. Plaintiff Sargent is informed and believes that defendant Architectural Builders Hardware Mfg. Inc. ("ABH") is an Illinois corporation having a principal place of business located at 1222 Ardmore Ave., Itasca, Illinois 60143, and that defendant ABH transacts business in this district; has repeatedly solicited business in this district; has manufactured, used, offered for sale or sold the infringing device alleged herein with the reasonable expectation that such device is to be used or consumed in this district; has manufactured, used, offered for sale or sold other goods with the reasonable expectation that such goods are to be used or consumed in this district; and derives substantial revenue for goods used or consumed, or for services rendered, in this district. Defendant ABH has conducted business with plaintiff Sargent in this district for many years.

### IV.  CLAIM FOR RELIEF

5. On Oct. 11, 2011, United States Patent No. D646,548 (the " '548 Patent") entitled "PADDLE TRIM ASSEMBLY" was duly and legally issued by the United States Patent and Trademark Office to Marcio Stella Mussi, Donald T. Shamp, Darren C. Eller and Christopher C. Hill, the inventors.  A true and correct copy of the '548 Patent is attached hereto as Exhibit A. Since that date, plaintiff Sargent has been and is the owner by assignment of the '548 Patent, and a true and correct copy of the assignment for '548 Patent is attached hereto as Exhibit B.

6. Plaintiff Sargent is informed and believes that defendant ABH has infringed the '548 Patent by making, using, offering for sale and/or selling in this district and elsewhere in the United States a paddle trim assembly incorporating the invention disclosed and claimed in the '548 Patent. Such infringing device includes the ABH "LRF6600 Series Hospital Latches" and similar models. Plaintiff Sargent is informed and believes that said infringing device is advertised as a new product by defendant ABH in its distribution materials and is displayed at trade show exhibits at which defendant ABH showcases its products. Copies of literature and photographs of the ABH "LRF6600 Series Hospital Latches" are attached hereto as Exhibit C.

7. Plaintiff Sargent is informed and believes that defendant ABH offers for sale and sells said infringing device through authorized distributors, that defendant ABH authorizes and intends for its distributors to sell such infringing device in this district and elsewhere in the United States, and that said authorized distributors of defendant ABH have agreed to serve as defendant ABH's authorized agents in this district and have made offers for sale and actual sales of said infringing device in the United States on behalf of ABH.

8. Plaintiff Sargent is informed and believes that offers for sale and sales of said infringing device have been widely and repeatedly made in the United States by and on behalf of defendant ABH through interactive websites on the Internet and through other means.

9. Plaintiff Sargent has placed defendant ABH on notice of the '548 Patent and of the infringement.

10. Plaintiff Sargent is informed and believes that the infringement by defendant ABH of the '548 Patent by making, using, offering for sale and selling said infringing device has been

repeated and willful with conscious disregard for the rights of plaintiff Sargent, and will continue unless enjoined by this Court.

11.   As a direct and proximate result of defendant ABH's acts of patent infringement, plaintiff Sargent has been and continues to be injured, and has sustained and will continue to sustain substantial damages in an amount not presently known.

12.   Plaintiff Sargent has no adequate remedy of law against these acts of patent infringement. Unless defendant ABH is preliminarily and permanently enjoined from its unlawful and willful infringement of the '548 Patent, plaintiff will suffer irreparable harm.

## V.  PRAYER FOR RELIEF

WHEREFORE, plaintiff Sargent Manufacturing Company prays for relief as follows:

1.   That the defendant Architectural Builders Hardware Mfg. Inc., its officers, agents, servants, employees and attorneys, and all other persons, firms, or corporations acting in concert or participation with it, be enjoined and restrained, during the pendency of this action and permanently thereafter, from making, using, offering for sale or selling any and all goods which infringe United States Patent Nos. D646,548;

2.   That plaintiff Sargent recover its damages sustained as a result of defendant's infringement of United States Patent Nos. D646,548, pursuant to 35 U.S.C. § 284;

3.   That defendant ABH's infringement be adjudged to be willful and this case declared exceptional, and that plaintiff's damages be trebled, pursuant to 35 U.S.C. § 284;

5

      4.      That defendant ABH's infringement be adjudged to be willful and this case declared exceptional, and that plaintiff recover its reasonable costs, expenses and attorney fees, pursuant to 35 U.S.C. § 285;

      5.      That plaintiff Sargent recover defendant ABH's total profit for its infringement, pursuant to 35 U.S.C. § 289;

      6.      That plaintiff Sargent be granted such other and further relief as the Court deems just and proper.

6

## VI.  DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff Sargent Manufacturing Company hereby demands a jury trial on all issues raised by the claims herein and triable of right by a jury.

Respectfully submitted,

**SARGENT MANUFACTURING COMPANY**

Date:     September 2, 2014          by:     /s/ Peter W. Peterson
                   Peter W. Peterson
                   Fed. Bar No. CT00698

Date:     September 2, 2014          by:     /s/ Robert M. Curcio
                   Robert M. Curcio
                   Fed. Bar No. CT18791

**DELIO & PETERSON, LLC**
700 State Street, Suite 402
New Haven, CT  06511
Tel: 203-787-0595
Fax: 203-787-5818
Email: efilings@delpet.com
Attorneys for Plaintiff

SAR912 Complaint Patent Infringement.doc